UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 22-80 (DWF/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| (1) Ladarius Jaleel Snipes, *also known as* Noon, | |
| Defendant. | |

Thomas Calhoun-Lopez, Esq., Office of the Federal Defender, United States Attorney's Office, counsel for Plaintiff.

Shannon R. Elkins, Esq., counsel for Defendant Snipes.

Defendant Ladarius Jaleel Snipes was indicted on one count for conspiracy to make false statements in the purchases of firearms, two counts for aiding and abetting false statement during the purchase of a firearm, and one count of possession of a stolen firearm. (Doc. No. 1, Indictment.) This matter is now before the Court on Defendant Snipes's Pretrial Motion to Suppress Statements, Admissions, and Answers. (Doc. No. 24, Def.'s Mot. to Suppress.) Defendant Snipes seeks to suppress any statements he made to federal law enforcement on May 16, 2022, during and subsequent to his arrest. The Court held a hearing on the matter on July 14, 2022, and ordered post-hearing briefing. (Doc. Nos. 34, 36.) On August 12, 2022, Defendant Snipes filed his post-hearing brief (Doc. No. 41), and on August 26, 2022, the Government filed a response opposing the motion. (Doc. No. 46.)

This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons stated below, this Court recommends that Defendant Snipes's motion be denied.

## BACKGROUND

The underlying facts relating to Defendant's motion are not in dispute.[1] On May 16, 2022, six days after Defendant Snipes had been indicted on federal firearms charges, he was arrested and taken into federal custody. (Tr. 8.) At the time, he was in state custody on pending burglary charges, and was being held at the Ramsey County Law Enforcement Center in St. Paul, Minnesota. (Tr. 9.) Some of the facts relating to that burglary are also related to one of the charges in the federal indictment – the charge for possession of a firearm. In particular, Snipes allegedly took a firearm during the burglary, and he also allegedly shot a dog during the course of the burglary with a different firearm that he is now federally charged with obtaining through straw purchasing.

ATF Special Agent Williamson and Sergeant Tim Moore (who was also an ATF Task Force Officer with the St. Paul Police Department) took Snipes into federal custody the morning of May 16, 2022. (Tr. 9.) At the time the two agents took Snipes into custody, they knew the following:

- Snipes was charged with committing a burglary on January 5, 2022, in St. Paul, Minnesota, and with cruelty to animals;

- As of May 13, 2022, Snipes was represented by counsel for his burglary and cruelty to animals' charges;

---

[1]   At the motions hearing, Special Agent Kylie Williamson of the Bureau of Alcohol, Tobacco, and Firearms ("ATF") testified. (Doc. No. 38, 7/14/22 Hr'g Tr. ("Tr.") 8–31.)

2

- The burglary involved shooting a dog with a Glock 10mm pistol;

- The discharged casings found at the scene of the burglary matched the test-fired discharged casings of the Glock 10mm pistol found in the vehicle during the arrest of Kandarrius Willard on January 7, 2022;

- The Glock 10mm pistol used in the burglary and found in Willard's vehicle was previously purchased during a firearms straw purchasing conspiracy, for which Defendant Snipes is charged with in the federal indictment;

- The federal indictment charges Defendant Snipes with stealing an Aero Precision model X15 multi-caliber semiautomatic rifle during the January 5, 2022 burglary.

(*See* Doc. No. 1, Indictment; *see also* Tr. 10–11, 20–22, 25.) On May 15, 2022, prior to taking Defendant Snipes into custody, the agents sought legal advice from Assistant United States Attorney Thomas Calhoun Lopez about the topics they would try to interview Defendant Snipes about. (Tr. 11–12.) Agent Williamson explained that after consultation with AUSA Calhoun Lopez, they decided they "would not interview him specifically about that incident," referring to the January 5, 2022 burglary. (Tr. 11.)

After arresting Snipes, but before taking him to his 1:00 p.m. initial appearance in federal court on May 16, 2022, the agents placed Snipes in restraints for transport, brought him into an interview room at the Ramsey County Law Enforcement Center, advised him of his rights (which Snipes acknowledged), and questioned him for approximately forty-five minutes. (Tr. 10, 12; *see also* Doc. No. 37, 7/14/22 Hr'g Ex. 1.)

## DISCUSSION

Defendant Snipes argues that when the agents interviewed him on May 16, 2022, without his state case appointed counsel present, they violated his Sixth Amendment right to counsel in both the state and federal cases. Specifically, Defendant argues that at the

time of the interview, his Sixth Amendment right had already attached because a federal grand jury had returned an indictment for Snipes and his alleged co-conspirators on May 10, 2022. *See McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991) (stating the Sixth Amendment attaches "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment") (quotations omitted). The Government disagrees and argues that pursuant to Supreme Court and Eighth Circuit precedent, the Sixth Amendment right to counsel had not attached at the time of the interview because Defendant Snipes had not had his initial appearance on the federal charges yet.

The Supreme Court has held that the Sixth Amendment "right to counsel attaches at the initial appearance before a judicial officer." *Rothgery v. Gillespie Cnty.*, 554 U.S. 191, 199 (2008) (citing Supreme Court cases in support). Defendant Snipes argues that while the right might attach at initial appearance, the right might also attach at some time sooner than that if "'the adverse positions of government and defendant have solidified' with respect to a particular alleged crime." *McNeil*, 501 U.S. at 177–78 (quoting *United States v. Gouveia*, 467 U.S. 180, 189 (1984)). The Supreme Court in *Rothgery*, however, found that the "first formal proceeding is the point of attachment." 554 U.S. at 203. There, the Court reaffirmed the following:

> what we have held before and what an overwhelming majority of American jurisdictions understand in practice: a criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel.

4

*Id.* at 213. The Eighth Circuit has also ruled that the Sixth Amendment right to counsel attaches at the initial appearance. *United States v. Morriss*, 531 F.3d 591, 594 (8th Cir. 2008) ("[A] criminal defendant's initial appearance before a judicial officer . . . marks the start of adversarial judicial proceedings that trigger the Sixth Amendment right to counsel.") (quoting *Rothgery*, 554 U.S. at 213); *see also United States v. Henry*, No. 19-CR-303 (SRN/KMM), 2020 WL 3496989, at *6 (D. Minn. June 29, 2020) (stating that a defendant's right to counsel does not attach until a defendant makes their initial appearance).[2] Although Defendant Snipes urges this Court to find that the Eighth Circuit

---

[2]     Defendant Snipes's argument that the Sixth Amendment attaches at the time of the indictment is not consistent with a full reading of *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991), on which he relies. In *McNeil*, the Supreme Court stated the following:

> The Sixth Amendment right to counsel attaches at the first formal proceeding against an accused, and in most States, at least with respect to serious offenses, free counsel is made available at that time and ordinarily requested. Thus, if we were to adopt petitioner's rule, most persons in pretrial custody for serious offenses would be *unapproachable* by police officers suspecting them of involvement in other crimes, *even though they have never expressed any unwillingness to be questioned.* Since the ready ability to obtain uncoerced confessions is not an evil but an unmitigated good, society would be the loser. Admissions of guilt resulting from valid *Miranda* waivers "are more than merely 'desirable'; they are essential to society's compelling interest in finding, convicting, and punishing those who violate the law." *Moran,* 475 U.S., at 426, 106 S.Ct., at 1143 (citation omitted).

501 U.S. at 180–81 (emphasis in original). This Court notes that if there were an initial appearance in front of a judicial officer before the indictment was issued (for example, an initial appearance on a formal complaint), then the Sixth Amendment right attaches with that first initial appearance. *See Rothgery*, 554 U.S. at 202–03 (citing *Coleman v. Alabama*, 399 U.S. 1, 8 (1970) (stating that the right to counsel applies at preindictment preliminary hearing at which the "sole purposes . . . are to determine whether there is sufficient evidence against the accused to warrant presenting his case to the grand jury,

and District of Minnesota precedent should not be followed, asserting it has narrowed too far the Supreme Court's intent about when the Sixth Amendment right should attach, this Court is nonetheless bound by such precedent. Here, because Defendant Snipes had not yet had his initial appearance before a judicial officer at the time the agents interviewed him on May 16, 2022, his Sixth Amendment rights had not attached. *See United States v. Moore*, 122 F.3d 1154, 1155–56 (8th Cir. 1997) (ruling that the Sixth Amendment right to counsel does not attach with the filing of a complaint). Therefore, Defendant Snipes's motion should be denied.[3]

---

and, if so, to fix bail if the offense is bailable")). That is not, however, the situation before this Court.

[3] Defendant Snipes argues that even if the Court concludes that his Sixth Amendment right to counsel did not attach at the time he was federally indicted, he was questioned on May 16, 2022, on topics that were relevant to his alleged participation in the St. Paul burglary on January 5, 2022, and the Court should, at a minimum, conclude that his right to counsel was violated with respect to his state charges. The topics that Defendant Snipes asserts were asked about but should have been off limits were questions about a burglary co-conspirator, a vehicle used in the burglary, and two firearms – one that was allegedly used to kill a dog during the burglary and one that was stolen during the course of that same burglary. First, this Court notes that the Sixth Amendment right to counsel "is offense specific," *Texas v. Cobb*, 532 U.S. 162, 167–68 (2001), and here, the charges in state court and the charges in federal court were different, even though some underlying facts may relate to both. Moreover, even if a Sixth Amendment right to counsel had attached at the time of the interview, Defendant Snipes was given *Miranda* rights before questioning began, he acknowledged those rights, he did not request counsel be present, and he began speaking to the agents and answered their questions, therefore voluntarily waiving his rights. (*See* Tr. 12–15; Doc. No. 37, 7/14/22 Hr'g Ex. 1); *see also United States v. Machorro-Xochicale*, 840 F.3d 545, 549 n.2 (8th Cir. 2016) ("Machorro-Xochicale then voluntarily waived his rights when he acknowledged that he understood the *Miranda* warnings and voluntarily answered Agent Moore's questions."). Defendant Snipes makes no argument that his waiver was not voluntary, knowing, and intelligent. *See Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (stating that a defendant may waive his right to counsel with "a voluntary, knowing, and intelligent" relinquishment, "whether or not he is already represented by counsel"); *see*

## RECOMMENDATION

Based on the file, record, and proceedings herein, and for the reasons stated above,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant Snipes's Pretrial Motion to Suppress Statements, Admissions, and Answers (Doc. No. 24) be **DENIED**.

Date: September 26, 2022

                                               *s/ Becky R. Thorson*
                                               BECKY R. THORSON
                                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b), any party may file and serve specific written objections to this Report and Recommendation by **October 11, 2022**. A party may respond to those objections by **October 25, 2022**. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 7 days from the date of its filing. If timely objections are filed, this Report will be considered under advisement from the earlier of: (1) 7 days after the objections are filed; or (2) from the date a timely response is filed.

---

*also Henry*, 2020 WL 3496989, at *6 ("[W]hen a defendant is read his *Miranda* rights and agrees to waive them, there is no Sixth Amendment violation, even though *Miranda* rights are rooted in the Fifth Amendment."). Therefore, Defendant Snipes's alternative argument fails.