# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 22-80(1) (DWF/DTS) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Ladarius Jaleel Snipes,<br>*also known as* Noon, | |
| Defendant. | |

Defendant Ladarius Jaleel Snipes moves to suppress statements he gave to law enforcement during and after his arrest on May 16, 2022.  (Doc. No. 24.)  In a Report and Recommendation ("R&R"), Magistrate Judge Becky R. Thorson recommended that Snipes's motion be denied.  (Doc. No. 69, the "R&R.")  Snipes filed an objection to the R&R (Doc. No. 78), and the United States of America (the "Government') responded (Doc. No. 82).  After an independent review of the record and objection, the Court adopts the R&R and denies Snipes's motion to suppress.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b )(1) and Local Rule 72.2(b).  The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

The R&R relies on *Rothgery v. Gillespie Cnty., Tex.,* where the Supreme Court held that a "defendant's initial appearance before a judicial officer . . . trigger[s]

attachment of the Sixth Amendment right to counsel." 554 U.S. 191, 213 (2008). After *Rothgery,* the Eighth Circuit "reaffirmed the bright-line rule" that "*Rothgery* require[s] [an] appearance before a judicial officer" to trigger a defendant's right to counsel. *United States v. Morriss,* 531 F.3d 591, 594 (8th Cir. 2008) (internal quotations and citations omitted). Based on this Supreme Court and Eighth Circuit precedent, the Magistrate Judge concluded that Snipes's Sixth Amendment right to counsel had not attached when Snipes was questioned on May 16, 2022, because Snipes had yet to make his initial appearance. Moreover, the Magistrate Judge concluded that even if Snipes's Sixth Amendment right to counsel had attached after his indictment, Snipes voluntary waived his right to counsel before the questioning on May 16.

Snipes objects to the R&R, arguing that the Eighth Circuit "grossly mischaracterizes and takes out of context" the Supreme Court's interpretation of the Sixth Amendment right to counsel. (Doc. No. 78 at 9.) Snipes asserts that his right to counsel attached at the time of his federal indictment. Alternatively, Snipes asserts that even if his Sixth Amendment right to counsel had not attached after his federal indictment, his right to counsel was violated with respect to his state charges.

The Court agrees with Snipes that it is difficult to reconcile the Eighth Circuit's holding in *Morriss* with the *Rothgery* Court's statement that the right to counsel attaches at "the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Id.* at 198 (quoting *United States v. Gouveia,* 467 U.S. 180, 188 (1984)). Several circuits have concluded, *post-Rothgery,* that while an initial appearance is one way of triggering the

2

Sixth Amendment right to counsel, an indictment also triggers the right.[1]  But the Eighth

Circuit has interpreted *Rothgery* more narrowly, holding that *Rothgery* "require[es] [an]

appearance before a judicial officer" for the right to counsel to attach.  *Morriss,* 531 F.3d

at 594.  Because this Court is bound by the Eighth Circuit's interpretation, the Court

concludes that Snipes's Sixth Amendment right to counsel had not attached at the time he

was interviewed by law enforcement because he had yet to make an initial appearance.

Even if Snipes's Sixth Amendment right to counsel had attached, however, the

Court's conclusion would be the same.  A "defendant may waive the right [to counsel]

whether or not he is already represented by counsel," if the waiver is voluntary, knowing,

and intelligent.  *Montejo v. Louisiana,* 556 U.S. 778, 786 (2009).  "[W]hen a defendant is

read his *Miranda* rights (which include the right to have counsel present during

interrogation) and agrees to waive those rights," then there is no Sixth Amendment

violation.  *Id.*  Here, as the R&R notes, Snipes was given his *Miranda* rights before

questioning and acknowledged those rights.  Snipes does not dispute that.  Because

---

[1]     *See United States v. Boskic,* 545 F.3d 69, 81-82 (1st Cir. 2008) (*"Rothgery . . .*
establishes that the right [to counsel] attaches at least when the defendant first appears
before a judicial officer . . . .  It is equally well settled that the Sixth Amendment right
may attach before a defendant first faces a judicial officer.  The Court repeatedly has
included the return of an indictment . . . among the circumstances that constitute the
'initiation of adversary judicial criminal proceedings.'"); *United States v. Stein,* 541
F.3d 130, 153 (2d Cir. 2008) (holding that the defendants' right to counsel attached upon
indictment); *United States v. Calhoun,* 796 F.3d 1251, 1255 (10th Cir. 2015) (holding
that the defendant's right to counsel did not attach until "the date he was formally
charged by way of indictment").

Snipes did not request counsel to be present and instead began speaking with law enforcement, he voluntarily waived his right to counsel.

In sum, the Magistrate Judge correctly concluded that Snipes's Sixth Amendment rights had not attached prior to his initial appearance. And even if the right had attached, Snipes voluntarily waived his right to counsel before questioning. Thus, Snipes's objection is overruled, and the Court adopts the R&R in its entirety.

**ORDER**

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1.      Defendant Ladarius Jaleel Snipes's objection (Doc. No. [78]) to Magistrate Judge Becky R. Thorson's September 26, 2022, Report and Recommendation is **OVERRULED.**

2.      Magistrate Judge Becky R. Thorson's Report and Recommendation (Doc. No. [69]) is **ADOPTED.**

3.      Defendant Ladarius Jaleel Snipes's motion to suppress statements (Doc. No. [24]) is **DENIED.**

Dated:  November 30, 2022            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge